IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br><br>ERIC DANIEL DOYLE,<br><br>　　　　　　　Defendant. | CR 15-32-M-DWM<br><br><br>ORDER |

　　　　On December 12, 2017, Defendant Eric Doyle appeared before the Court for a hearing on the issue of his release or detention pending further proceedings in this matter. Having considered the testimony presented, the record before the Court, and the parties' arguments, the Court finds, by a preponderance of the evidence, that Defendant poses a risk of flight.

　　　　The Court has authority to detain a criminal defendant pending a trial in the matter if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The facts on which the Court relies to support the referenced finding under § 3142(e) with respect to the

1

safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2). The standard of proof necessary to support a finding that no conditions will reasonably ensure the defendant's appearance, however, is the preponderance of the evidence standard. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).

Defendant has a somewhat extensive criminal history with three felony convictions. Although the convictions are relatively stale in time, in view of the mandatory minimum term of imprisonment he now faces if he is convicted on the present charges, his criminal history could subject him to a significant term of incarceration.

The record in this case also reflects that Defendant traveled to Mexico shortly after becoming aware that a criminal investigation of him had commenced relative to the charges in the Indictment filed in this matter. And testimony from a Deputy United States Marshal presented at the hearing, together with the unavailability of Defendant's passport for inspection, suggest Defendant may have entered Mexico illegally. Thus, the preponderance of the evidence presently before the Court gives rise to a concern about Defendant's risk of flight.

Thus, the Court finds the United States has sustained its burden of demonstrating, by a preponderance of the evidence, that no set of conditions could

be imposed on Defendant that would assure his appearance in Court as required. Therefore, pursuant to 18 U.S.C. § 3142(e) **IT IS HEREBY ORDERED** the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 12th day of December, 2017.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge