IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-32-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ERIC DANIEL DOYLE, | |
| Defendant. | |

On December 21, 2017, Defendant Eric Doyle appeared before the Court for a second hearing, based on new information that was not previously available, on the issue of his release or detention pending further proceedings in this matter. Having considered the testimony presented, the record before the Court, and the parties' arguments, the Court finds, by a preponderance of the evidence, that Defendant poses a risk of flight.

The Court has authority to detain a criminal defendant pending a trial in the matter if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The standard of proof

necessary to support a finding that no conditions will reasonably ensure the defendant's appearance, however, is the preponderance of the evidence standard. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990). The United States bears the burden of proof to meet this standard

As the Court noted following Defendant's first hearing, Defendant has a somewhat extensive criminal history with three felony convictions. That history, together with the present charges Defendant faces, could subject him to a significant term of incarceration.

The record in this case also reflects that Defendant traveled to Mexico shortly after becoming aware that a criminal investigation of him had commenced relative to the charges in the Indictment filed in this matter. The testimony presented at the hearing causes the Court further concern relative to the issue of Defendant's flight because it is evident that the procedures for entering Mexico at Nogales, Mexico are very lax and allow a person, such as Defendant, to enter Mexico both figuratively and literally "at the push of a button."

Additionally, Defendant's testimony establishes that after entering Mexico he lived there for approximately 2 years, again with his awareness of the criminal investigation. He has developed significant familiarity with Mexico and the available means of travel around Mexico and to international waters.

Thus, the Court finds the United States has sustained its burden of demonstrating, by a preponderance of the evidence, that no set of conditions could be imposed on Defendant that would assure his appearance in Court as required. Therefore, pursuant to 18 U.S.C. § 3142(e) **IT IS HEREBY ORDERED** the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 21st day of December, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

3