IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–32–M–DWM–01 |
| Plaintiff, | |
| vs. | ORDER |
| ERIC DANIEL DOYLE, | |
| Defendant. | |

Defendant Eric Daniel Doyle moves unopposed for an ends of justice continuance pursuant to 18 U.S.C. § 3161. (Doc. 152.) Doyle, who is charged by indictment with multiple firearms-related offenses, asserts the parties require addition time to negotiate a favorable plea agreement before the February 1, 2018, plea agreement deadline.

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, requires a defendant be tried within seventy days of the later of indictment or initial appearance. 18 U.S.C. § 3161(c)(1). The Act excludes from that time period "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." *Id.* at §

-1-

3161(h)(7)(A). "Congress did not intend the 'ends of justice' exclusion to be granted as a matter of course but rather to be used sparingly and only when necessary." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155 (9th Cir. 2000) (citations omitted). Accordingly, "a district court may grant an ends of justice continuance only if it satisfies two requirements: (1) the continuance is specifically limited in time; and (2) it is justified [on the record] with reference to the facts as of the time the delay is ordered." *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (citation omitted). While Doyle's request—which specifies he is willing to delay trial no later than June 4, 2018—is "specifically limited in time," this matter does not demonstrate the "ends of justice" factors that would "outweigh the best interests of the public and the defendant in a speedy trial."

Doyle asserts a continuance would prevent a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), but continuing plea negotiations alone will not support an ends of justice continuance, *see Ramirez-Cortez*, 231 F.3d at 1155–56; *United States v. Biggs*, 419 F. Supp. 2d 1277, 1282 (D. Mont. 2006). Doyle does not argue that this case is unusual or complex, that an ends of justice continuance is necessary for effective preparation, or that Doyle was arrested before indictment. *See* 18 U.S.C. § h(7)(B)(i)-(iv).

Boiled down, the gravamen of Doyle's argument is that plea negotiations

will require more time, that the February 1 plea deadline therefore impinges on those negotiations, and that such impingement will in turn prevent him from securing the most favorable deal available, which would involve receiving all of the United States Sentencing Guidelines § 3E1.1 adjustments for timely notification of plea and acceptance of responsibility. While Doyle's argument does not support an ends of justice continuance, his interests can be protected by adjusting the plea deadline date.

Accordingly, IT IS ORDERED that Doyle's motion, (Doc. 152), is GRANTED to the limited extent that the plea agreement deadline in this matter is extended to February 8, 2018. The motion is DENIED in all other respects. All other dates in this matter, including the trial date, remain in full force and effect.

DATED this 24th day of January, 2018.

_____
Donald W. Molloy, District Judge
United States District Court