PAULETTE L. STEWART
W. ADAM DUERK
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: paulette.stewart@usdoj.gov
       adam.duerk@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED
JAN 30 2018
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 15-32-M-DWM-01 |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| ERIC DANIEL DOYLE, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Paulette L. Stewart and W. Adam Duerk, Assistant United States Attorneys for the District of Montana, and the defendant, Eric Daniel Doyle, and the defendant's attorney, Andrew J. Nelson, have agreed upon the following:

AUSA  DEF  ATTY  Date  Page 1

1.   **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.   **Charges:** The defendant agrees to plead guilty to counts 1, 9, and 14 of the indictment. Counts 1 and 9 of the indictment charge the crime of illegal export in violation of 18 U.S.C. §§ 554 and 2. This offense carries a maximum penalty of ten years imprisonment, a $250,000 fine, three years supervised release, a $100 special assessment.

Count 14 of the indictment charges the crime of felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). This offense carries a maximum punishment of ten years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 2-8, 10-12, 16, and 18-46 of the indictment.

3.   **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss,

counts 2-8, 10-12, 16, and 18-46 of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 2-8, 10-12, 16, and 18-46 of the indictment are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charges contained in counts 1, 9, and 14 of the indictment. In pleading guilty to counts 1 and 9 of the indictment, the defendant acknowledges that:

- First, the defendant exported or sent a firearm from the United States to a foreign country;
- Second, the defendant did so knowingly or fraudulently; and
- Third, the defendant did not obtain a license or written approval from the State Department to export the firearm.

In pleading guilty to count 14 of the indictment, the defendant acknowledges that:

- First, the defendant knowingly possessed firearms;
- Second, the firearms were transported from one state to another; and

- Third, at the time the defendant possessed the firearms, the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could

return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)  At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)  At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i)  If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| DE | EPP | AJW | 1/30/18 |

Page 5

the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.     **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate

under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by any recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waivers:**

(a) The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). The defendant agrees that if the Court accepts the plea agreement, and the sentence imposed is not more than 240 months of incarceration, the defendant waives the right to appeal any aspect of the sentence, including conditions of probation or supervised release imposed by the Court.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

(b) *FOIA Waiver:* The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the

Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**9. Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**10. Detention/Release After Plea:** The defendant acknowledges that his detention will continue upon conviction.

**11. Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**12. Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

///

KURT G. ALME
United States Attorney

_____
Paulette L. Stewart
Assistant U. S. Attorney
Date: 1/30/18

_____
Eric Daniel Doyle
Defendant
Date: 30-JAN-18

_____
Andrew J. Nelson
Defense Counsel
Date: 1/30/18