PAULETTE L. STEWART
W. ADAM DUERK
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: paulette.stewart@usdoj.gov
          adam.duerk@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. **ERIC DANIEL DOYLE,** **Defendant.** | CR 15-32-M-DWM-01 **OFFER OF PROOF** |

## THE CHARGE

The defendant, Eric Daniel Doyle, is charged in counts one and nine of the indictment with illegal export in violation of 18 U.S.C. §§ 554 and 2.  He is also charged in count 14 of the indictment with felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).

1

## PLEA AGREEMENT

There is a plea agreement filed in this case. The United States did present any and all formal plea offers to the defendant in writing. *See Missouri v. Frye*, 132 S. Ct. 1399 (2012). If the Court accepts the plea agreement, the United States will move to dismiss counts 2-8, 10-12, 16, and 18-46 of the indictment against the defendant, at the time of sentencing.

## PENALTIES

The charge in counts one, nine, and 14 of the indictment subject the defendant to a maximum penalty of ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment, per count.

## ELEMENTS

In order for the defendant to be found guilty of the charge in counts one and nine of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

- First, the defendant exported or sent a firearm from the United States to a foreign country;

- Second, the defendant did so knowingly or fraudulently; and

- Third, the defendant did not obtain a license or written approval from the State Department to export the firearm.

Title 18, United States Code, Section 554, makes it a federal crime or

offense for anyone to export any merchandise, article, or object contrary to any law or regulation of the United States. Under Title 22, United States Code, Section 2778 and the regulations promulgated under that section, a person must obtain a license or written approval from the State Department to export a firearm from the United States.

In order for the defendant to be found guilty of the charge contained in count 14 of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

- First, the defendant knowingly possessed firearms;
- Second, the firearms were transported from one state to another; and
- Third, at the time the defendant possessed the firearms, the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year.

## ANTICIPATED EVIDENCE

If this case was tried in United States District Court, the United States would present the following evidence:

1. Eric Daniel Doyle, a convicted felon from Illinois, admitted to supplying buyers from Europe, Australia, the United Kingdom, and Canada with firearms and magazines when he was interviewed by law enforcement in September 2014.

2. Doyle moved to the Kalispell, Montana, area in June 2013. In approximately February 2014, Doyle began selling firearms on a website to people in other countries after he learned that there were a lot of people in Kalispell trying to sell firearms and, at the same time, a lot of people online that wanted to buy them. Doyle would check his email messages to see what types of firearms people were requesting and then see what was available around town. Doyle also checked local gun websites or gun shows for firearms sought in the email requests.

3. Doyle passed the firearms to an associate to package and ship the firearms. He personally packaged 12 firearms. After the firearms were packaged, Doyle then used other associates to ship the packages. He did not decide what post office the shipper would use, as long as it was out of the Kalispell area. At the time of his interview, Doyle estimated that he shipped 25 to 35 firearms. Doyle filled out all of the shipping paperwork and customs forms used to send out the packages, including the pre-filled form found with one of the packages in the storage unit, below.

4. Doyle acknowledged that he was a two-time convicted felon and he knew that he was prohibited from possessing firearms. The case

agent confirmed Doyle's convictions through the receipt of (1) a certified copy of a Judgment-Sentence to the Illinois Department of Corrections, in People of the State of Illinois v. Eric D. Doyle, case number 05-CF-125, from the Circuit Court of the Thirteenth Judicial Circuit, Bureau County, Illinois, for Unlawful Delivery of a Controlled Substance (Cocaine) in violation of 7201LCS570/401(c)(2), a class 1 felony, dated and filed May 5, 2006; and (2) a certified copy of a Judgment Order in the People of the State of Illinois v. Eric D. Doyle, case number 2003-CF-08, from the Circuit Court of the Thirteenth Judicial Circuit, Lasalle County, Ottawa, Illinois, for Burglary (Class 2 Felony) in violation of 720 ILCS 5/19-l(a), dated and filed February 6, 2004.

5. Doyle gave consent to search his storage unit.   Law enforcement seized the following items from Doyle's storage unit:

   a. Glock, 20, 10mm semi-automatic pistol, serial number UWM096;

   b. Glock, 20C, 10mm semi-automatic pistol, serial number SMA847;

   c. Glock, 29, 10mm semi-automatic pistol, serial number UFU683;

    d. Glock, 29, 10mm semi-automatic pistol, serial number UFU682;

    e. Jimenez Arms, J.A. Nine, 9mm semi-automatic pistol, serial number obliterated;

    f. Jimenez Arms, J.A. Nine, 9mm semi-automatic pistol, serial number obliterated;

    g. Jimenez Arms, J.A. Nine, 9mm semi-automatic pistol, serial number obliterated;

    h. Jimenez Arms, J.A. Nine, 9mm semi-automatic pistol, serial number obliterated;

    i. Jimenez Arms, J.A. 380, .380 semi-automatic pistol, serial number obliterated;

    j. Jimenez Arms, J.A. 380, .380 semi-automatic pistol, serial number obliterated;

    k. Jimenez Arms, J.A. 380, .380 semi-automatic pistol, serial number obliterated;

    l. Jimenez Arms, J.A. 22, .22 LR semi-automatic pistol, serial number obliterated;

    m. Jimenez Arms, J.A. 22, .22 LR semi-automatic pistol, serial number obliterated;

  n.  Jimenez Arms, J.A. 22, .22 LR semi-automatic pistol, serial number obliterated;

  o.  Jimenez Arms, J.A. 22, .22 LR semi-automatic pistol, serial number obliterated;

  p.  Approximately 150 round of ammunition;

  q.  Ten pistol magazines;

  r.  One Dremel power tool; and

  s.  Various items used for packaging and concealing firearms.

Doyle had the Glock and Jimenez pistols purchased for specific buyers in other countries.

6. As noted above, numerous firearm shipments were made by Doyle, or at his direction, to foreign countries. Those shipments include a Springfield, XD-9, 9mm caliber pistol, serial number US904033, that was shipped in the US Mail from Kalispell, Montana, to Australia, on April 15, 2014; and an Intratec, 9mm caliber pistol, serial number obliterated, that was shipped in the US Mail from Browning, Montana, to Norway, on July 29, 2014.

7. Doyle did not have permission or a license to export firearms. During the investigation, a check of the Department of State records was conducted. There was no record found of a registration

application for an export license or any other written approval located in the Department of State records for Eric Daniel Doyle regarding defense articles (firearms).

Respectfully submitted this 30th day of January, 2018.

        KURT G. ALME
        United States Attorney

        */s/ Paulette L. Stewart*
        PAULETTE L. STEWART
        Assistant U.S. Attorney