ANDREW J. NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Office
125 Bank Street, Suite 710
Missoula, MT 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
E-mail: andy_nelson@fd.org
      Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ERIC DANIEL DOYLE, <br><br> Defendant. | **CR 15-32-M-DWM** <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** |

ERIC DANIEL DOYLE comes before the Court for sentencing on one count of felon in possession of firearms (18 U.S.C. § 922(g)(1)) and two counts of illegal export of firearms (18 U.S.C. §§ 2 and 554). He faces up to 120 months in prison by statute on each count. There is no statutory mandatory minimum sentence.

Mr. Doyle maintains several objections to the presentence investigation report ("PSR"). Most of these objections impact the calculation of the Guidelines

sentencing range. This memorandum addresses the guideline objections and supports the request for a statutory variance to a below-Guidelines sentence of 40 months imprisonment followed by three years of supervised release.

## ARGUMENT

**I.  The Guidelines calculation**

A.  <u>The statutory maximum sentence for Count 14 is the Guidelines sentence</u>.

Mr. Doyle first advances the objection that renders the remaining objections immaterial in many respects. Paragraph 190 posits that the guideline range is 360 months – 120 months for each count of conviction.

The calculation of the Guidelines sentencing range is grounded on the range attending the most serious count of conviction: "[t]he most serious offense is used as the starting point. The other counts determine how much to increase the offense level." USSG Part D – Multiple Counts, Introductory Commentary. This foundational principle informs grouping of closely related counts. *See* USSG §§ 3D1.1, 3D1.2, 3D1.3.

The PSR imports Chapter 5 concepts relating to calculation of total punishment for multiple counts. But Chapter 5, with the notable exception of USSG § 5G1.1(a), is largely irrelevant. There is no question that an Article III federal judge can impose a sentence up to the statutory maximum on each count of conviction and that each sentence can run consecutively. This Court undoubtedly has the authority to impose

a 360-month sentence. But that recognition fails to address the threshold question: what is the properly calculated Guidelines sentencing range? At best, the Chapter 3 grouping principles impact the offense level on the most serious count. USSG § 5G1.2 (cited in paragraph 191) provides guidance as to how the sentence is structured on multiple counts to achieve the total punishment.

The most serious offense is Count 14. PSR ¶ 90. However, when the statutorily authorized sentence is less than the minimum of the applicable guideline range, the statutory maximum sentence "shall be" the guideline range. USSG § 5G1.1(a). Other objections notwithstanding, the potential sentencing range for Count 14 is 360 months to life. PSR ¶ 190. The statutory maximum sentence for felon in possession is 10 years, or 120 months. Accordingly, the Guidelines dictate an advisory sentencing range of 120 months.

The incongruity between the potential guideline range and the statutory maximum only serves to underscore the absurdity of USSG § 2K2.1 as applied to Mr. Doyle. Another indicator is the offense level for Counts 1 and 9 (illegal export), which is capped at 26. *See* PSR ¶ 89. After acceptance, the guideline range for illegal export would be 92-to-115 months – much more in line with the statutory maximum sentence.

B. <u>The enhancement for obstruction of justice should not apply</u>.

The USSG § 3C1.1 enhancement requires the willful obstruction of justice. As explained by the Ninth Circuit:

> Sentencing Guidelines § 3C1.1 contains a clear *mens rea* requirement that limits its cope to those who "willfully" obstruct or attempt to obstruct the administration of justice. The meaning of "willful" is often determined by its context. *Spies v. United States*, 317 U.S. 492, 497-498 (1942) (parallel citation omitted). As applied by section 3C1.1, the term "willfully requires that the defendant "consciously act with the purpose of obstructing justice." *United States v. Stroud*, 893 F.2d 54, 507 (2d. Cir. 1990).

*United States v. Gardner*, 988 F.2d 82, 83 (9th Cir. 1993) (quoting *United States v. Lofton*, 905 F.2d 1215, 1316-17 (9th Cir. 1990)).

For this reason, "a section 3C1.1 enhancement must be premised on willful conduct that has the purpose of obstructing justice." *Id*. Application Note 5(D) specifies that "avoiding or fleeing from arrest" is an example of conduct not ordinarily covered by the obstruction enhancement.

Mr. Doyle did not "consciously act with the purpose of obstructing justice." *Gardner*, 988 F.2d at 83. As detailed in paragraphs 54 through 69 of the PSR, Mr. Doyle cooperated extensively. He identified his co-defendants, each of whom was then successfully prosecuted. He detailed the manner and means by which the group exported firearms. He consented to searches of multiple locations and even turned over additional contraband that investigators missed when they searched a storage unit. He assisted in a controlled buy. He provided his username and password to log

into websites and provide critical computer-based evidence to investigators. PSR ¶ 69. In responding to an inquiry from defense counsel, Homeland Security informed the U.S. Attorney's office that they investigated firearms sales from the WeaponsGuy account beginning in 2015. HSI opened 22 cases involving individuals in seven foreign countries. 17 people were arrested and five firearms were either seized or recovered based on assistance provided by Mr. Doyle.

Mr. Doyle relocated to Mexico to get clean. PSR ¶¶ 84, 145. He did so after providing substantial information. At most, he delayed his own prosecution. "[A]s other courts have recognized, a defendant's refusal or failure to cooperate with authorities is not necessarily tantamount to conduct that impedes or obstructs justice." *United States v. Brown*, 321 F.3d 347, 352 (2d Cir. 2003); *United States v. Stites*, 56 F.3d 1020, 1026 (9th Cir. 1995) ("To disappear from the jurisdiction and not disclose one's whereabouts to the government does not warrant enhanced punishment."); *see also*, *United States v. Sykes*, 144 F.3d 564 (8th Cir. 1998) (affirming district court's decision to not impose enhancement where defendant ceased cooperation with investigators and left country for five years).

### C. The four-point leader/organizer enhancement overstates Mr. Doyle's relative culpability.

Mr. Doyle objects to the four-level leader / organizer enhancement pursuant to USSG § 3B1.1(c). He acknowledges, however, that the two-level enhancement is more appropriate.

Playing an important or even essential role in the criminal enterprise does not necessarily require an aggravating role enhancement. *United States v. Gadson*, 763 F.3d 1189, 1222 (9th Cir. 2014) (reversing where government failed to show that defendant managed or supervised others). There must be evidence that the defendant occupied one of the four specified roles, not merely evidence that the defendant was more culpable than others who participated in the criminal offense. *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012); *United States v. Salcido-Corrales*, 249 F.3d 1151, 1154 (9th Cir. 2001) (quoting *United States v. Harper*, 33 F.3d 1143, 1150 (9th Cir. 1994) (holding defendant must occupy one of the four listed roles)).

Mr. Doyle's role was more akin to a manager or supervisor. For example, Mr. Doyle asserts that Palmer approached him with the goal of making money by shipping firearms. Many of the firearms sold were owned by Palmer when the nascent criminal enterprise took shape. Other investors in the gun shipping scheme obtained firearms and asked Mr. Doyle to market and package them. In short, Mr. Doyle was not the mastermind who organized and directed the activity of others except in the limited instance of straw shipment. *See* PSR ¶ 56.

## II.   A reasonable sentence

### A.   <u>Federal sentencing law</u>.

In fashioning a reasonable sentence that comports with the sentencing factors in 18 U.S.C. § 3553(a), the starting point is the Guidelines calculation. *United States v. Zavala*, 443 F.3d 1165, 1168-69 (9th Cir. 2006). Once the proper Guidelines benchmark has been calculated, the sentencing court must consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 48-51 (2007); *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc). The sentencing court enjoys broad discretion to consider, without limitation, any information concerning the background, character, and conduct of the defendant in imposing a reasonable sentence. *Pepper v. United States*, 562 U.S. 476, 488-489 (2011).

Although the Guidelines range "should be the starting point and the initial benchmark," a district court may not presume that the Guidelines range is reasonable. *Gall*, 552 U.S. at 48; *Carty*, 520 F.3d at 991. Nor are "extraordinary" circumstances required to justify a non-Guidelines sentence. *Gall*, 552 U.S. at 47. The Guidelines are to be given no greater weight than any other § 3553(a) factor. *Gall*, 552 U.S. at 45-46, 48-51; *Carty*, 520 F.3d at 991. The sentence is ultimately reviewed for abuse of discretion and the appellate court cannot apply a presumption of unreasonableness to a sentence outside the Guidelines range. *Gall*, 552 U.S. at 50-51.

B. <u>Sentencing disparity</u>.

The Sentencing Reform Act of 1984 requires the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). *See also United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013) ("the [Supreme] Court also emphasized that unwarranted disparities between offenders – and the concern that such disparities would result in imposing sentences 'greater than necessary' to achieve the objectives of sentencing – was an important factor for district courts to consider.").

Co-defendant Jeffrey Palmer pled guilty to one count of misprision of a felony in violation of 18 U.S.C. § 4 and received a sentence of five years probation. Co-defendant Tanna Meagher pled guilty to one count of misprision of a felony in violation of 18 U.S.C. § 4 and received a sentence of five years probation. Co-defendant Jay Isles pled guilty to a single count of introducing a firearm into a federal facility in violation of 18 U.S.C. § 930(a) and received a sentence of time-served, followed by one year of supervised release. Co-defendant Brian Spain pled guilty to a single count of introducing a firearm into a federal facility in violation of 18 U.S.C. § 930(a) and received a sentence of two years probation.

C. <u>Personal history and characteristics.</u>

Mr. Doyle struggles with depression and anxiety. PSR ¶¶ 155, 159. He has never participated in mental health counseling. PSR ¶ 156.

Mr. Doyle also struggles with addiction to alcohol and controlled substances. PSR ¶¶ 162-168. He has not received formal treatment since 2008, but believes that he would benefit from drug and alcohol treatment in addition to mental health treatment. PSR ¶¶ 169, 171.

While acknowledging that they are properly scored, Mr. Doyle notes that his criminal history score is a function of what are basically two scored traffic offenses – convictions for driving with a suspended or revoked license. PSR ¶¶ 119, 120. Mr. Doyle believes that the sentences imposed for these offenses are a product of local law enforcement animus.

Mr. Doyle has maintained an intimate relationship with Estefania Lizarraga, who has two young children and resides in Sonora, Mexico. PSR ¶ 146. Mr. Doyle intends to continue this relationship and be actively involved in parenting upon his release.

**REQUEST FOR SENTENCE AND PLACEMENT**

Eric Daniel Doyle respectfully requests a sentence of 40 months incarceration followed by a term of supervised release. He requests this Court's recommendation for placement at FCC Tucson, which is a federal correctional complex comprised of

multiple facilities located in Arizona. The Tucson facilities are close to his fiancé and her children. Finally, Mr. Doyle requests this Court's recommendation for participation in the Bureau of Prisons' Residential Drug and Alcohol Treatment Program.

## CONCLUSION

The Guidelines sentencing range should be 120 months. Mr. Doyle respectfully requests a statutory variance to a sentence of 40 months.

Dated this 14th day of May, 2018.

                                              ERIC DANIEL DOYLE

By: /s/ *Andrew J. Nelson*
     ANDREW J. NELSON
     Assistant Federal Defender
     Federal Defenders of Montana
         Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>  CM-ECF

<u>    </u>  Hand Delivery

<u> 3  </u>  Mail

<u>    </u>  Overnight Delivery Service

<u>    </u>  Fax

<u>    </u>  E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. PAULETTE STEWART
   Assistant United States Attorney
       Counsel for the United States of America

2. W. ADAM DUERK
   Assistant United States Attorney
       Counsel for the United States of America

3. ERIC DANIEL DOYLE
       Defendant

By:  */s/ Andrew J. Nelson*
     ANDREW J. NELSON
     Assistant Federal Defender
     Federal Defenders of Montana
         Counsel for Defendant